IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE E. HUNTER,

    Plaintiff,                       No. CIV S-06-0177 FCD JFM P

    vs.

D.L. RUNNELS, Warden, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 19, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. On July 19, 2006, plaintiff was granted a thirty day extension of time in which to file an amended complaint. On September 6, 2006, findings and recommendations issued recommending this action be dismissed based on plaintiff's failure to file an amended complaint. On September 6, 2006, plaintiff's amended complaint, received and filed with the court effective September 5, 2006, was docketed. Plaintiff has filed objections to the findings and recommendations. Good cause appearing, the September 6, 2006 findings and recommendations will be vacated. The court turns now to plaintiff's amended complaint.

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's claims against Director Woodford and Warden Runnels are based on a theory of respondeat superior and should be dismissed.  The court will not order service of process on defendants Woodford and Runnels.

Plaintiff contends defendants Grannis and Wagner failed to properly process and rule on plaintiff's administrative grievances.  However,"[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  "Hence, it does not

give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F.Supp. at 10; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

Defendants Grannis and Wagner's review and resolution of plaintiff's grievances, without more, do not provide a basis upon which to impose liability under section 1983 for violation of the Due Process Clause. Accordingly, plaintiff's claims against defendants Grannis and Wagner should be dismissed.  The court will not order service of process on defendants Grannis and Wagner.

As to the remaining defendants, the amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The September 6, 2006 findings and recommendations are vacated

2. Service is appropriate for the following defendants:  M. Cook, D. Drennan, J. Mejia, R.K. Wong, T. Felker, Correctional Counselor II Norgaard, and Correctional Counselor Phang.

3. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed September 5, 2006.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

     d. Eight copies of the endorsed amended complaint filed September 5, 2006.

  5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 12, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; hunt0177.1am

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE E. HUNTER,

      Plaintiff,               No. CIV S-06-0177 FCD JFM P

      vs.

D.L. RUNNELLS, Warden, et al.,      NOTICE OF SUBMISSION

      Defendants.                 OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____      completed summons form

      _____      completed USM-285 forms

      _____      copies of the _____
                                 Amended Complaint

DATED:

                                              _____
                                              Plaintiff